STATE OF MAINE
YORK, SS.

LLP Mortgage, Ltd.,                     )
                                        )
              Plaintiff                 )
       v.                               )
                                        )
David N. Deering and                    )
Diane B. Deering,                       )
                                        )
              Defendants.               )

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-12- 007
JON - YOR- 10/4 /12

ORDER OF DISMISSAL
WITHOUT PREJUDICE

## BACKGROUND

In 2004 Defendants executed a mortgage in favor of Ameriquest Mortgage
Company on property at 3 Maddox Pond Road, Biddeford, Maine. In 2009
and 2010 the real estate tax on the property was raised substantially and
Defendants began to seek a loan modification with Dovenmuehle Mortgage,
Inc. Plaintiff filed the complaint of Foreclosure on January 9, 2012. Plaintiff
filed for and was granted a Motion for Enlargement of Time to allow for
filing of the return of service of the service of process as late as May 29,
2012. Plaintiff filed the return of service on August 1, 2012.

## DISCUSSION

Defendant moves the Court to dismiss this case because of Plaintiff's failure to timely accomplish service of process according to M.R.Civ. P. 3. According to Rule 3 of the Maine Rules of Civil Procedure,

> "Except as otherwise provided in these rules, a civil action is commenced (1) by the service of a summons and complaint, or (2) by filing a complaint with the court.... When method (2) is used, the return of service shall be filed with the court within 90 days after filing the complaint. If the complaint or the return of service is not timely filed, the action may be dismissed on motion and notice, and in such case the court may, in its discretion, if it shall be of the opinion that the action was vexatiously commenced, tax a reasonable attorney fee as cost in favor of the defendant, to be recovered of the plaintiff or the plaintiff's attorney." M.R.Civ.P. 3 (2012).

M.R.Civ.P. 3 was analyzed in a leading treatise:

> "In order to ensure prompt service where the complaint has been filed, Rule 3 was amended in 1989 to require that the return of service be filed with the court within 90 days of the complaint's filing. The amendment followed the Law Court's decision in *Dalot v. Smith*, where the court affirmed the dismissal of a personal injury complaint where it took over a year from the complaint's filing (and over seven years from the accident date) to serve the defendant. The court went on to rule that excessive or unreasonable delay in service of process may be grounds for dismissal unless shown to be the result of mistake or excusable neglect. This was consistent with the court's broader

ruling that proof of timely service was required to ensure that defendant has adequate notice and will not be prejudiced by having a stale claim." 2 Charles Harvey, Maine Civil Practice, § 3.3 at 134-35 (3nd ed. 2011).

Plaintiff did not complete service of the Summons and Complaint for over six months, more than two months after the permitted Motion for Enlargement. Plaintiff puts forth argument on the difficulties faced in accomplishing service of process on Defendant. Plaintiff fails to present any argument on excusable neglect or mistake regarding its failure to move for further extension.

Plaintiff cites to Maguire v. Forster, contending that because dismissal is discretionary the Court must look to the circumstances of the case to determine whether dismissal is appropriate. *Maguire Constr., Inc. v. Forster*, 2006 ME 112, P9. Plaintiff argues that Defendants had actual notice of the foreclosure action, therefore the delay in service did not overly disadvantage the Defendants and the case should not be dismissed. The Plaintiff cites to the Defendants receipt of a right to cure letter prior to the foreclosure stating that the Defendants could avoid foreclosure by curing default. Additionally, Plaintiff cites to the fact that a process server knocked on the door of the Defendant's condo in Florida on eight occasions, despite being unable to effect service. Neither the receipt of a notice stating the potential for foreclosure, nor visits from an unknown person without reason to believe that the Defendants were home is proof Defendant's had notice of a pending foreclosure action.

Plaintiff failed to complete service of process according to M.R.Civ.P. 3, nor has Plaintiff alleged mistake or excusable neglect. Accordingly, Defendant's Motion to Dismiss is granted and this matter is dismissed without prejudice.

The clerk may incorporate by reference.


_10/9/12_

DATE

SUPERIOR COURT JUSTICE

ATTORNEYS FOR PLAINTIFF:
DAVID JONES ESQ
KATHLEEN KONKOLY ESQ
JENSEN BAIRD ET AL
11 MAIN STREET SUITE 4
KENNEBUNK ME  04043

ATTORNEYS FOR DEFENDANTS:
MARK RANDALL ESQ
RANDALL LAW OFFCE PA
PO BOX 17915
PORTLAND ME  04112

MARK A KEARNS ESQ
LAW OFFICE OF MARK KEARNS
PO BOX 17915
PORTLAND ME  04112